Daniel I. Pace
Alaska Bar No. 1305008
dan@pacelawoffices.com
Pace Law Offices
101 E 9th Ave., Ste 7A
Anchorage, AK 99501
(907) 222-4003 – Telephone
(907) 222-4006 – Facsimile

Ricardo J. Prieto (forthcoming PHV)
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle (forthcoming PHV)
Texas Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFFS
AND PUTATIVE CLASS MEMBERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Cody Flaherty, Jerry Ross, and Kegan Flaherty, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Kanaway Seafoods, Inc. d/b/a Alaska General Seafoods,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE AND CLASS ACTION |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Cody Flaherty, Jerry Ross, and Kegan Flaherty ("Plaintiffs"), individually and on behalf of all others similarly situated, files this Original Collective and Class Action

Complaint against Defendant Kanaway Seafoods, Inc. d/b/a Alaska General Seafoods ("Defendant"), showing in support as follows:

## I. NATURE OF ACTION

1. This is an action to recover unpaid compensation under federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), and the Alaska Wage and Hour Act, AS 23.10.23.10.050-AS 23.10.150 ("AWHA"). Defendant failed to pay Plaintiffs compensation and time and one-half their regular rate of pay for all hours worked and for hours worked over 40 during each seven-day workweek while working for Defendant and paid on an hourly basis.

2. Plaintiffs bring this lawsuit individually and as a collective action under 29 U.S.C. § 216(b) on behalf of other employees of Defendant who, like them, were not paid for every hour they worked and time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on an hourly basis.

3. Plaintiffs also bring this lawsuit individually and as a class action under the AWHA on behalf of other employees of Defendant who, like them, were not paid for every hour they worked and time and one-half their respective regular rates of pay for all hours worked over 8 hours per day or 40 during each seven-day workweek while working for Defendant and paid on an hourly basis.

## II. THE PARTIES

4. Plaintiff Cody Flaherty is a resident of Washington and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 1.

5. Plaintiff Jerry Ross is a resident of Alaska and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 2.

6. Plaintiff Kegan Flaherty is a resident of Washington and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 3.

7. Defendant is a corporation formed under the laws of the State of Delaware. Defendant operates within this Judicial District, and may be served through its registered agent CT Corporation System; 9360 Glacier Highway, Suite 202; Juneau, AK 99801, or where ever it may be found. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

8. The putative collective and class action members are all employees of Defendant who, like Plaintiffs, were not paid compensation for all hours worked over forty in a workweek at the federal premium rate required by the FLSA, and/or time and one-half their respective regular rates of pay for all hours worked over 8 hours in day or 40 during each seven-day workweek under Alaska state law while working for Defendant and paid on an hourlybasis.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because a portion of Plaintiffs' claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiffs' Alaska state claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form part of the same case or controversy.

11. This Court has personal jurisdiction over Defendant because Defendant does business in this District and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV. FACTUAL ALLEGATIONS

13. At all times relevant to this action, Defendant employed and continues to employ two or more employees.

14. Defendant was an employer of Plaintiffs and the putative collective and class action members.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold, or otherwise worked on goods and/or materials that were

Complaint
*Flaherty v. Kanaway Seafoods, Inc.* Page 4 of 13

Case 3:22-cv-00155-SLG   Document 1   Filed 07/08/22   Page 4 of 13

moved in and/or produced for commerce. Examples of such goods and/or materials include fish, processed fish, vehicles, personal protective equipment, production equipment, computers, and other supplies/materials used in connection with fish processing operations.

16. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17. Plaintiffs were non-exempt employees of Defendant. Defendant paid Plaintiffs on an hourly rate.

18. At or around April 2020, Defendant enacted several practices relevant to this lawsuit, namely a COVID-19 testing requirement and a "closed campus" policy.

19. Pursuant to Defendant's COVID-19 testing policy, Plaintiffs were required to take a COVID-19 screening tests prior to "clocking-in" at Defendant's worksite and at various times throughout their employment.

20. Defendant did not compensate Plaintiffs for all the time Plaintiffs spent traveling to a COVID-19 test site, testing for COVID-19, and awaiting test results at the testing site.

21. Defendant also enacted a "closed campus" policy at or around April 2020 wherein Plaintiffs were precluded from leaving Defendant's premises, having guests, spending time with their families, or enjoying the surrounding environments.

22. As part of the "closed campus" policy, Plaintiffs were effectively confined to their workstation during on-clock worktime and to their dorm room during off-clock hours.

23. Defendant erected a fence and hired security guards to ensure Plaintiffs did not violate the "closed campus" policy.

24. Plaintiffs were subject to discipline, including termination, for violating the "closed campus" policy.

25. Plaintiffs were also on-call during their off-the-clock hours.

26. During their off-the-clock time, Plaintiffs were not able to use time effectively for their own personal purposes.

27. Plaintiffs were not compensated for these off-the-clock hours and received no additional compensation for being confined during the "closed campus" policy.

28. The "closed campus" policy was for Defendant's benefit to, among other things, ensure productivity and avoid spoilation of fish and fish products.

29. Plaintiffs frequently worked in excess of eight (8) hours per day and/or forty (40) hours per workweek without receiving overtime premium compensation for all such hours of work.

30. As the result of Defendant's failure to pay overtime premium compensation for all hours worked over forty (40) in a workweek or eight (8) hours in day, Defendant is

liable to Plaintiffs for damages including backpay, liquidated damages, and Plaintiffs' costs and attorneys' fees.

## V. FLSA COLLECTIVE ACTION CLAIMS

31. Plaintiffs propose to maintain this lawsuit as a collective action on behalf of the putative collective action members, defined as follows:

> **All current and former hourly paid employees of Defendant who were required to undergo unpaid COVID-19 testing beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**
>
> **All current and former hourly paid employees of Defendant who were who were subject to the "closed campus" policy three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

32. Plaintiffs have personal knowledge that other putative Collective Action Members were subjected to the same COVID-19 testing requirement and "closed campus" policy.

33. The putative Collective Action Members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

34. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay regular and overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

35. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

36. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

37. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

38. Plaintiffs further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI. Rule 23 CLASS ACTION CLAIMS

39. Plaintiffs incorporate the preceding paragraphs in this section.

40. Plaintiffs propose to maintain this lawsuit as a class action under Alaska state wage laws on behalf of the putative class action members, defined as follows:

> **All current and former hourly paid employees of Defendant who were required to undergo unpaid COVID-19 testing beginning two years prior to the filing of this lawsuit through the date of the final disposition of this action.**
>
> **All current and former hourly paid employees of Defendant who were who were subject to the "closed campus" policy two years prior to the filing of this lawsuit through the date of the final disposition of this action.**

41. Plaintiffs have personal knowledge that other putative Class Action Members were subjected to the same unpaid COVID-19 testing requirement and "closed campus" policy.

42. The putative Class Action Members are similarly situated to Plaintiffs and to one another, within the meaning of Federal Rule of Civil Procedure 23.

43. The putative Class Action Members are not exempt from receiving overtime premium pay under the AWHA. Defendant's failure to pay regular and overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Class Action Members.

44. The specific job titles or precise job responsibilities of each putative Class Action Members do not prevent class treatment.

45. Although the exact amount of damages may vary among the putative Class Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

46. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a Class action or other proceeding.

47. Plaintiffs further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VII. CAUSE OF ACTION: VIOLATION OF FLSA AND AWHA – FAILURE TO PAY OVERTIME PURSUANT 29 U.S.C. § 207 AND AS 23.10.060

48. Federal law requires covered employers to pay overtime premium pay at the rate of one and one-half times the regular rate of pay to non-exempt employees for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207.

49. Alaska law requires Alaska employers to pay overtime premium pay at the rate of one and one-half times the regular rate of pay to non-exempt employees for all hours worked over forty (40) in a workweek or eight (8) hours a day. AS 23.10.060.

50. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d). At all relevant times, Defendant has been/is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1). At all relevant times, Plaintiffs and the putative collective action members were Defendant's employee under the FLSA. 29 U.S.C. § 203(e).

51. Plaintiffs and the putative collective and class action members were non-exempt employees, or to the extent they could have been classified as exempt employees, Defendant failed to compensate them on a salary or fee basis as required by federal law and state law. Consequently, Plaintiffs and the putative class members were entitled to overtime premium pay.

52. Defendant failed to pay Plaintiffs and the putative Collective Action Members for all hours worked over 40 in a workweek or 8 hours in day, because Defendant did not pay Plaintiffs and the putative Collective Action Members for all the time they spent COVID-19 testing pursuant to required company policy and awaiting results.

53. Defendant failed to pay Plaintiffs and the putative Collective Action Members for all hours worked over 40 in a workweek or 8 hours in day, because Defendant did not pay Plaintiffs and the putative Collective Action Members for all the time they spent being subjected to the "closed campus" policy wherein the employees were required to remain on Defendant's property, were effectively restricted to their rooms and not allowed guests, and could not use their time effectively for their own purposes.

54. Defendant failed to pay Plaintiffs and the putative collective and class action members at the rate of time and one-half their respective regular rates of pay for all hours worked over forty (40) in a workweek or eight (8) hours in day and are liable for damages. *See* 29 U.S.C. § 203(s)(1); AS 23.10.060.

55. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiffs and the putative collective action members on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5; AS 23.10.100.

56. Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs and the putative collective action members were not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty (40) in a seven-day workweek.

57. Plaintiffs specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative collective action members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

58. Plaintiffs seeks all damages available for Defendant's failure to timely pay all regular wages, overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VIII. <u>DAMAGES AND PRAYER</u>

59. Plaintiffs asks that the Court issue summons for Defendant to appear and answer, and that Plaintiffs and the putative collective and class action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and a AWHA class action and requiring notice to be issued to all putative class and collective action members;

   b. All damages allowed by the FLSA and the AWHA, including back wages;

   c. Liquidated damages in an amount equal to FLSA and AWHA-mandated back wages;

   d. Legal fees, costs and expenses, as permitted under the FLSA and AWHA;

   e. Post-judgment interest, as permitted under the FLSA and AWHA;

   f. All other relief to which Plaintiffs and the putative class and collective action members may be justly entitled.

Dated: July 7, 2022

                Respectfully submitted,

By:   */s/ Daniel I. Pace*
       Daniel I. Pace
       Alaska Bar No. 1305008
       dan@pacelawoffices.com
       Pace Law Offices
       101 E 9th Ave., Ste 7A
       Anchorage, AK 99501
       (907) 222-4003 – Telephone
       (907) 222-4006 – Facsimile

       Ricardo J. Prieto (forthcoming admission PHV)
       Texas Bar No. 24062947
       rprieto@eeoc.net
       Melinda Arbuckle (forthcoming admission PHV)
       Texas Bar No. 24080773
       marbuckle@eeoc.net
       Shellist Lazarz Slobin LLP
       11 Greenway Plaza, Suite 1515
       Houston, TX 77046
       (713) 621-2277 – Telephone
       (713) 621-0993 – Facsimile

       ATTORNEYS FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS